# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALFREDO MORALES,<br><br>Defendant. | Case No. 16-MJ-145<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of May, 2016, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, John D. Jacobsen.

## I. RELEVANT FACTS AND PROCEEDINGS

On May 5, 2016, Defendant Alfredo Morales was charged by Criminal Complaint (docket number 1) with conspiracy to distribute methamphetamine. At the hearing, FBI Special Agent Scott Irwin testified that an investigation into the distribution of methamphetamine in eastern and central Iowa revealed Aldo Lopez-Martinez as a major distributor. A wiretap was obtained on Lopez-Martinez's phone and a tracking device was placed on Lopez-Martinez's vehicle. Authorities determined Defendant met with Lopez-Martinez multiple times in Des Moines. A confidential informant told authorities that they had obtained up to one-fourth pound-quantities of methamphetamine from Defendant, sometimes at Defendant's home on Maple Street in Des Moines. A search was conducted at Defendant's home on May 5, 2016 and authorities found a small amount of methamphetamine.

Defendant was located at his employment and was taken to the Des Moines Police Department, where he was *Mirandized*. Defendant then admitted receiving six to eight pounds of methamphetamine over a several-month period from a "cousin" driving a brown Blazer. Agent Irwin testified that Lopez-Martinez drove a vehicle which matched that description. Defendant admitted he then distributed the methamphetamine to customers, selling it at $900 per ounce. Defendant told authorities he owes his supplier approximately $16,000. Defendant also told authorities where the methamphetamine could be found at his home, and stated he had given his brother $10,000 from drug proceeds. Authorities located the methamphetamine at the home and retrieved the money from Defendant's brother. The Court notes parenthetically, when authorities searched Lopez-Martinez's home the same day, they found three pounds of methamphetamine and $92,000.

Defendant, age 25, was born in Chicago, but moved to Des Moines when he was three years old. He has never been married, but has a long-term relationship with Lacy Gomez. They have three children (ages 8, 2, and 1). If released, Defendant would return to the residence where he was living with his girlfriend and their children.

Defendant is in good physical health and denied any mental illness. For the past month, Defendant has been employed at ADA Mowing. Last fall, after being released from prison, Defendant worked for a few months through a temporary staffing agency. Defendant admits using marijuana about once per month, with his past use being four days prior to his arrest.

Defendant has five convictions for driving while suspended. His only felony conviction, however, is a drug offense in Polk County, Iowa, in April 2012. Defendant's pretrial release in that case was revoked for reasons which do not appear in the pretrial services report. Defendant initially received a deferred judgment, but a violation of probation was filed less than three months later and Defendant was placed on absconder status. His deferred judgment was then revoked and he received a suspended 10-year prison term. Two months later, however, another violation of probation was filed and

2

Defendant was again placed on absconder status. He was not arrested for another 11 months. At that time, Defendant's probation was revoked and he was sent to prison. In October 2015, Defendant was placed on parole after serving approximately 18 months of a 10-year prison term.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

3

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition

4

or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending further proceedings. The evidence against Defendant, particularly if one considers Defendant's admissions, appears to be strong. While Defendant has only a modest prior criminal record, his performance while under supervision is poor. As noted above, his pretrial release in state court was revoked, he subsequently violated his probation and his deferred judgment was revoked, and then violated his probation again and was sent to prison. On at least two of those occasions, he was placed on absconder status. Of particular significance to the Court is the fact that Defendant was on parole at the time of these events during the first quarter of 2016. That is, Defendant was released from prison and placed on parole on October 14, 2015. Within months, he admits he was involved in the large-scale distribution of methamphetamine. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 11th day of May, 2016.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA